# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**WILLIAM N. LUCY,**            :

    **Plaintiff,**          :

**vs.**                         :    **CIVIL ACTION NO. 14-00185-CG-B**

**JUDGE JOHNSTON,** *et al.*,   :

    **Defendants.**         :

## REPORT AND RECOMMENDATION

William N. Lucy, proceeding pro se, filed the instant § 1983 action, which has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. Lucy initiated this action by filing a handwritten complaint alleging that Defendants Judge Johnston, Sheriff Sam Cochran, Warden Trey Oliver and Mobile County, Alabama caused him to be kidnapped and held in Mobile County Metro Jail for 14 days before being taken before a judge and formally charged. (Doc. 1). In the handwritten complaint, Lucy listed his address as "765 Donald Street, Mobile, Alabama 36617"; however, the envelope in which the complaint arrived clearly denotes "inmate in Mobile County Jail". Accordingly, Lucy was directed to refile his complaint on the Court's form for inmate actions under 42 U.S.C. § 1983. (Doc. 2) Additionally, because Lucy did not pay the requisite filing fee,

he was directed to either pay the filing fee or file a motion to proceed without prepayment of fees by August 13, 2014.[1] (Doc. 2). Currently before the Court are Lucy's Amended Complaint and his motion to proceed without prepayment of fees. (Doc. 5, 6). Based upon a careful review of Lucy's Amended Complaint and motion, as well as the federal court dockets for the Middle District of Alabama, and the Southern District of Alabama, the undersigned recommends that Lucy's motion be denied and that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Because Lucy was incarcerated at the time he initiated this action, he was required to pay the $350 filing fee at the time of filing if he was subject to the provisions of 28 U.S.C. § 1915(g). Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] The order was initially mailed to Lucy at the Mobile County Jail; however it was returned to the Court. Subsequent thereto, the Court learned that Lucy had been released. Accordingly, the order was mailed to Lucy at the Donald address, and the time for compliance was extended to September 12, 2014. (Doc. 4)

The purpose of this section is to curb abusive prisoner litigation by requiring a prisoner who has had three actions or appeals dismissed as meritless to pay the full filing fee when his next action is filed. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002). "The only exception to section 1915(g) is if the frequent filer prisoner is 'under imminent danger of serious physical injury.'" Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998), *overruled on other grounds* by Jones v. Bock, 549 U.S. 199, 215-16, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007).

After reviewing the records for the United States District Court for the Middle District of Alabama, the Court discovered that Plaintiff has at least three actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, namely, Lucy v. Mosley, CA 2:00-01283-MHT-SRW (M.D. Ala. Dec. 6, 2000) (§ 1915 failure to state a claim), appeal dismissed as frivolous (11th Cir. Aug. 3, 2001); and Lucy v. Heritage Import, Inc., CA 2:01-00231-MHT-SRW (M.D. Ala. Mar. 1, 2001), (action dismissed under § 1915(e)(2)(B)(i)-(iii)). Thus, Lucy has "three strikes," which brings the present action within the scope of 28 U.S.C. § 1915(g). See Bryant v. Epps., 242 Fed. Appx. 273 (5th Cir. 2007) (the dismissal of the petitioner's appeal as frivolous and the dismissal of the action by the district court as frivolous

each counted as a strike under § 1915(g)); See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996) (published in full-text format at 1996 U.S. App. LEXIS 41289) (finding that the district court's frivolous dismissal and its appeal that was dismissed as frivolous count as two strikes); Shoemaker v. Smith, 2014 U.S. Dist. LEXIS 109409 (July 14, 2014) (where the plaintiff has at least three *actions or appeals* that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, the plaintiff was subject to § 1915(g)).

Because it is clear that Lucy was incarcerated at the time he filed this action, and that he has at least three *actions or appeals* that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, the present action comes within the scope of 28 U.S.C. § 1915(g).

In order to avoid dismissal of the present action under § 1915(g), Lucy must satisfy the exception to § 1915(g), which requires that he show that he was "under imminent danger of serious physical injury" at the time of the complaint's filing. See Adbul-Akabar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred"), cert. denied, 533 U.S. 953 (2001); Brown v. Johnson,

4

387 F.3d 1344, 1349 (11th Cir. 2004) ("a prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g)"); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (the imminent danger of serious physical injury faced must be at the time the complaint is filed, not at a prior time).

In reviewing Plaintiff's Complaint and Amended Complaint, (Docs. 1, 5), the Court finds that neither contains facts that suggest that Lucy was "under imminent danger of serious physical injury" at the time he filed the complaint on April 22, 2014. See Doc. 1 at 2; see also Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L.Ed.2d 245 (1988) (a prisoner's pleading is deemed filed when the prisoner "deliver[s] it to the prison authorities for forwarding to the court clerk"); Vanderberg v. Donaldson, 259 F.3d 1321, 1325 n.4 (11th Cir.) (applying Houston v. Lack to a variety of actions), cert. denied, 535 U.S. 976 (2002). Thus, Lucy's motion to proceed without prepayment of the filing fee is due to be denied, and this action is due to be dismissed without prejudice because Lucy did not pay the filing fee at the time of filing. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not "pay the filing fee at the time he initiates the suit"); Vanderberg, 259 F.3d at 1324 (holding that

5

the filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced).

Based on the foregoing, it is recommended that Lucy's motion to proceed without prepayment of the filing fee be denied, and that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).[2]

**Notice of Right to File Objections**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed

---

[2] The undersigned observes that Lucy is a frequent filer with this Court having filed in excess of ten complaints, including Lucy v. State of Alabama Dep't of Revenue, CA 13-00141-CG-M (S.D. Ala.); Lucy v. Star Imports, CA 10-00382-CG-M (S.D. Ala.), Lucy v. Clarke County, Ala., CA 99-00664-CB-M (S.D. Ala.); and Lucy v. Clark County, Ala., CA 99-00665-CB-M (S.D. Ala.). Thus, he is quite familiar with the filing requirements for this Court. His failure to list his correct address at the time he filed this action will be treated as an oversight this time; however, Lucy is cautioned that in this future, he will be subject to sanctions for intentionally misleading the Court regarding his correct address.

determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this **2nd** day of **October, 2014.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**
